*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00808-CR

Mike Serna **RAMOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-0862
Honorable Catherine Torres Stahl, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:   January 21, 2009

DISMISSED

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the underlying case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). On December 2, 2008, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that the appellant has the right of appeal was made part of the appellate record by December 29, 2008. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No response was filed. In the absence of an amended trial court certification showing that the appellant has the right of appeal, rule 25.2(d) requires this court to dismiss this appeal. Accordingly, the appeal is dismissed.

PER CURIAM

DO NOT PUBLISH